DE ARMOND *v.* DE ARMOND.

Opinion delivered October 7, 1899.

DIVORCE—REVERSAL—PRACTICE.—Where a complaint for divorce brought by a wife on the ground of wilful desertion by her husband was sustained by the proof, a decree dismissing the complaint for want of equity will be reversed, and the cause remanded with directions to enter a decree in favor of plaintiff. (Page 602.)

Appeal from Faulkner Chancery Court.

THOS. B. MARTIN, Chancellor.

*E. A. Bolton*, for appellant.

To constitute such desertion as entitles to divorce, three things are necessary: (1) Cessation of the deserter from cohabitation for the statutory period; (2) the intent of the deserter not to return; (3) absence of consent of the deserted party. 34 Ark. 37; 53 Ark. 484; 62 Ark. 611; 5 Am. & Eng. Enc. Law, 799. The evidence clearly establishes all these, and plaintiff was entitled to a divorce.

WOOD, J. Appellant brought suit for divorce. She alleged, with proper averment, wilful desertion of her husband for a period of more than one year. The answer denied the material allegations of the complaint. The cause was heard upon the complaint and answer and depositions of several wit-

nesses taken on the part of the plaintiff. The complaint was dismissed for want of equity. The statute provides that: "The circuit court shall have power to dissolve and set aside a marriage contract, not only from bed and board, but from the bonds of matrimony, for the following causes: * * * Second. Where either party wilfully deserts and absents himself or herself from the other for the space of one year without reasonable cause." The proof fully sustained the charge, and therefore the decree dismissing the complaint for want of equity was erroneous. The appellant is entitled to a divorce *a vinculo matrimonii*, as she prays in her complaint.

The decree of the chancellor is therefore reversed, and the cause is remanded, with directions to enter a decree in favor of appellant for divorce, and for alimony and attorney's fees.